**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CASE No.    21-20111 (JJT) |
| ) | |
| OLD CP, INC., *et al.*, ) | Jointly Administered |
| ) | |
| Debtors. ) | CHAPTER    11 |
| ) | |
| THE DENNIS ENGINEERING GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | Adv. Pro. Case No.    21-02004 (JJT) |
| ) | |
| v. ) | |
| ) | RE: ECF Nos.    215, 270, 278 |
| PEOPLE'S UNITED BANK, N.A. and ) | |
| BMO HARRIS BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL RULING AND JUDGMENT**

I. **INTRODUCTION**

On January 4, 2023, the Court issued its First Memorandum of Decision and Ruling on Partial Cross-Motions for Summary Judgment (ECF No. 326, the "First SJ Decision"), wherein the Court denied summary judgment for the Plaintiff, The Dennis Engineering Group, LLC ("Dennis Group"), on Counts Two, Six, and Seven of its Complaint (ECF No. 16). The Court granted partial summary judgment for the Defendants, People's United Bank, N.A. ("PUB") and BMO Harris Bank, N.A. ("BMO", and together with PUB, the "Lenders") on Count One of their Counterclaim (ECF No. 72) and Count One of Dennis Group's Complaint, but only as to the presumptive validity and enforceability of Dennis Group's subordination of its mechanic's lien. The Court subsequently addressed the remaining elements of the Lenders' declaratory judgment claims related to the timeliness, scope, and validity of the mechanic's lien in its Second

Memorandum of Decision and Ruling on Defendants' Motion for Partial Summary and Plaintiff's Cross-Motion for Partial Summary Judgment (ECF No. 339, the Second SJ Decision, and together with the First SJ Decision, the "SJ Decisions"). Dennis Group's remaining claims in avoidance of the presumptive validity of the subordination of its claims were reserved for trial. The Court also deferred entry of a final judgment in this Adversary Proceeding pending an anticipated trial on any counts of the Complaint, Counterclaim, and Special Defenses remaining after entry of the SJ Decisions.

Concurrent with the First SJ Decision and pursuant to Fed. R. Civ. P. 56(f), made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7056, the Court also inquired of the parties as to whether judgment should be entered in favor of the Lenders on Counts Two, Six, and Seven of Dennis Group's Complaint consistent with the First SJ Decision. ECF No. 327. Dennis Group filed its response on January 13, 2023 (ECF No. 333, "Dennis Group's Response"), and agreed that summary judgment should be entered in favor of the Lenders on Counts Six and Seven of the Complaint. Dennis Group disagrees, however, that summary judgment should be entered for the Lenders on Count Two of the complaint. The Lenders subsequently filed their response on January 23, 2023 (ECF No. 336, the "Lender's Response") and urged the court to dismiss Counts Two, Six, and Seven of the Complaint with prejudice. For the reasons stated herein, summary judgment shall be granted in favor of the Lenders on Counts Two, Six, and Seven of the Complaint.

## II.    DENNIS GROUP'S RESPONSE

Dennis Group has conceded that entry of summary judgment in favor of the Lenders on Counts Six and Seven of its Complaint is appropriate and consistent with the Court's First SJ Decision. Dennis Group's Response at 2, ECF No. 333. As such, the Court need not further address these particular counts.

As to Count Two, however, Dennis Group asserts that the First SJ Decision only *narrows* the theories Dennis Group can advance in pursuit of that claim. Dennis Group argues that the Lenders, while not *required* to provide notice of the Debtors' default under the Credit Agreement pursuant to the terms of the Consent Agreement, were nonetheless obligated to and represented they would *consider* giving Dennis Group such notice. *Id.* at 2-3. Dennis Group points out that the Lenders had previously admitted they had never intended to provide such notice and were in fact prohibited from doing so. *Id.* at 3. Dennis Group asserts it can, therefore, "still proceed on a theory that the Lenders fraudulently induced Dennis Group to enter into the Consent Agreement by making the knowingly false representation that the Lenders would *consider* giving notice of [the Debtors'] default…." *Id.* at 3-4 (emphasis in original).

Nothing in the Consent Agreement imposes any affirmative obligation on the Lenders whatsoever to provide or consider providing notice to Dennis Group of the Debtors' defaults. The so-called obligation of the Lenders to provide notice, pursuant to the terms of the Consent Agreement itself, was entirely discretionary, which logically entails the potential for non-action. Put differently, it is well within the discretion of the Lenders, pursuant to the terms of the Consent Agreement itself, to *not consider* giving notice to Dennis Group of the Debtors' defaults under the Credit Agreement. For this reason, Dennis Group's Response as to Count Two must fail.

### III. CONCLUSION

For the reasons stated herein, summary judgment on Counts Two, Six, and Seven of the Complaint are hereby **GRANTED** in favor of the Lenders consistent with the First SJ Decision. The Court shall defer the entry of final judgment on these counts pending trial of the remaining counts of this Adversary Proceeding.

**IT IS SO ORDERED** at Hartford, Connecticut this 2nd day of March 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut